IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT GLAZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:16cv799-WKW |
| ) | (WO) |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA and DALE ) | |
| MEDICAL CENTER GROUP HEALTH ) | |
| PLAN, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the court are the plaintiff's motion to compel (doc. # 40) and second motion to strike defendants' discovery objections (doc. # 41) filed on June 14, 2017. The court held oral argument on these motions on June 28, 2017. During oral argument, the court summarily denied the plaintiffs' second motion to strike defendants' discovery objections.

In determining what discovery to allow, the court is likewise guided by some other fundamental principles. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). "Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise . . . " *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999).

The plaintiff seeks to compel the defendants to respond to requests for production of documents and interrogatories related to the administrative handling of the plaintiff's disability claims and damages. In request for production # 1, the plaintiff requests the defendants' claims manuals and procedures. At oral argument, the court concluded that it would order the defendants to produce all of the policies and procedures that relate to the adjudication of short term and long term disability claims including the policies related to the transition from a short term disability claim to a long term disability.

At oral argument, the plaintiff clarified that in request for production # 2 he sought the name of the nurse involved in the denial of his short term disability claim and the complete medical file including any reports of that nurse. The defendants agreed to produce that information.

In request for production # 5, the plaintiff sought "each and every policy ever purchased by the Plaintiff or his employer." The defendants informed the court that they had produced those policies. No further response is necessary. Consequently, the motion to compel regarding this request will be denied as moot.

In request for production # 8, the plaintiff sought documents related to how the defendants had previously interpreted the policies at issue. As stated in open court, that request is due to be denied.

In requests for production # 9 & 11, the plaintiff seeks to require the defendants to conduct a search of electronic mail. Because the requests are overbroad, the court will deny

the motion to compel these requests without prejudice so that the parties may work cooperatively to narrow the request so that it is consistent with the factors set forth in FED.R.CIV.P. 26(b)(1).

In request for production # 11, the plaintiff seeks the organizational structure of the defendants. At oral argument, the plaintiff clarified that he was seeking the names and job titles of the fourteen employees who worked on his claims file as identified in interrogatory # 6 as well as the nurse identified in request for production # 2. This aspect of the motion to compel with that clarification will be granted. At oral argument, the plaintiff withdrew request for production # 17.

The court next turns to the plaintiff's motion to compel responses to interrogatories. The parties agreed that interrogatory # 1 was resolved by the court's resolution of request for production # 1. Consequently, this request will be denied.

In interrogatory # 7, the plaintiff seeks information on the amount of reserves assigned to his claim. As stated in open court, this request is premature and will be denied without prejudice.

Finally, the parties agreed that the plaintiff's requests for admission are due to be DENIED as moot.

Accordingly, upon consideration of the motions, and as stated in open court, it is

ORDERED that the plaintiff's second motion to strike defendants' discovery (doc. # 41) be and is hereby DENIED. It is further

ORDERED that the plaintiff's motion to compel (doc. # 40) be and is hereby GRANTED in part as follows:

1. With respect to request for production # 1, the defendants shall produce, within fourteen days of the date of this order, all of the policies and procedures that relate to the adjudication of short term and long term disability claims including the policies related to the transition from a short term disability claim to a long term disability

2. With respect to request for production # 2, the defendants shall produce, within fourteen days of the date of this order, the name of the nurse involved in the denial of the plaintiff's short term disability claim and the complete medical file including any reports of that nurse.

3. With respect to request for production # 11 and interrogatory # 6, the defendants shall produce, within fourteen days of the date of this order, the names and job titles of the fourteen employees who worked on his claims file as well as the nurse identified in request # 2.

4. In all other respects as further specified in this order, the motion to compel be and is hereby DENIED.

Done this 29th day of June, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE